First case is in re. Hunanyan. Eric Hunanyan, Pro Se, appearing. Good morning, judges. Okay, Mr. Hunanyan, let me just make one quick point, okay? You don't have your video on, and that's okay. I want you to understand that for many of us, it's a little easier to have a dialogue with parties if they have the video on, and it can be easier for us to understand them. Okay, no problem. It's totally up to you. But if you understand that we may be at a slight disadvantage. Oh, there you go. Okay, nice to see you. No problem. Okay. Yeah, good morning. I want to present very quickly what my case is about in general terms, but I will, of course, as you said, I will leave some time to answer your questions because that's more important than whatever I said before. So at this moment, I want to remind you that this case is about dischargeability of the debt that you remanded and reversed back to the court, bankruptcy court. And the bankruptcy court, without any further consideration of the facts and law and everything, just using old 523A15 rule, said, okay, you are now discharged. Don't worry about that. But the case is not about that I want dischargeability, meaning that after the close of the case I will not be followed to get money from me. No, this is about also if the several aspects of that dischargeability. Before going to the dischargeability, my point is this bankruptcy court should go, if that claim of the, in the case I'm saying, proof of claim number four, which is my ex-wife's estate's claim was $1 million. And they basically, they took my homestead property to satisfy that family court judgment. And it's not only, it's a homestead exemption. They never, as I showed in my papers, they never be the objection to my proof of my homestead exemption. Can I give you a little different perspective? Okay. I hope it will be helpful. This is the second appeal, right, Mr. Hanna? Yes. I basically. Okay. So in the first matter, you challenged all the things we're talking about now. The bankruptcy court made a ruling. It went up to a different panel of this court, although I think two of the judges were lucky enough to see you then. The bankruptcy appellate panel made a decision, sent the matter back down to the bankruptcy court with instructions. You are to do X. You are to apply 523A15 and come to a decision, right? No. It was basically general. It's a reverse on demand. It's nothing more. Just said that no specific instruction to bankruptcy court. No, no, no. No, no. Not right. Okay. The bankruptcy appellate panel affirmed with respect to the two matters that you're talking about now. That did not go to the Ninth Circuit. Okay. So the instruction to the bankruptcy court was we are affirming as to the lien issue and as to the claim issue, we're reversing and asking you to determine the A15 issue. That was the only issue before the bankruptcy court, wasn't it? Dischargeability of the issue. Yeah. That was the only thing that the BAP said the bankruptcy court gets to do, right? Yes, but to decide that question, what they did, they used 523A15, the old version, like the last one I guess in 1997, but they used way before that when they can, for example, say, oh, okay, this guy is so cool, we'll not go after him. So basically they didn't use a correct 523A15. But Mr. Hunanian. Yes. Ultimately she ruled whether whatever version she used, she ruled in your favor. She determined that it was not going to survive dischargeability. So whether she applied the right statute or didn't apply the right statute, the result was the one that you wanted. And so we are work-faced with whether we would change that. And you don't want to change. So I'm not sure what detriment you suffered as a result of her application of the wrong statute. Because the issue is not that giving dischargeability or not. The real issue is proof of claim, which is not correct. And I have a right, which I did in my adversary proceeding, as for to object to the proof of claim. And I did my objection to that proof of claim in the adversary proceeding. If you look on the bankruptcy, Federal Rules of Bankruptcy Procedure 3007B, it clearly says that the party must do the objection to the allowance of a claim in the adversary proceeding. And they did. And they never considered that proof of claim. They didn't consider it. Mr. Hunania, I'm going to weigh in here, too, because I was on that panel. I believe we did consider that objection in the prior proceeding. No. Never done. And also, on top of that, I had $1,328,000 counterclaim when my ex-wife and her estate failed to show that. Another $550,000 I paid in the taxes, insurance, all this stuff, which is basically counterclaim or set off against that claim. And this was never considered. So that's why it's a time, when we're doing the dischargeability, first we have to find out if that claim is valid. So for validity of the claim, I show that bankruptcy court, when we did that judgment. Wait a minute. Let me just stop you. That's not in front of this court. Period. If he's in my view, how is that? If you don't interrupt me, this is going to go a whole lot smoother, okay? The bankruptcy appellate panel decided the appeal with respect to the claim and the lien. They remanded with respect to A15. The only thing that the bankruptcy court could do at that point was decide the A15 issue. Period. End of story. Now you can use your time any way you want, but the questions that you're arguing about here are simply not in front of us. The question is if dischargeability is done correctly or not. Yes, and God love you, you won that one. You were victorious there. To start with dischargeability, first you have to see the claim. If that is a valid claim. If it's not a valid claim, it's no sense to go after that. Sir, that was decided at the bankruptcy court. It was decided at the bankruptcy appellate panel. It was not appealed to the Ninth Circuit. What happened is the matter went back to the bankruptcy court to do one thing and one thing only, which is decide the A15 issue. The bankruptcy court decided that, and you're appealing, and the only thing in front of us is whether the A15 issue was right or wrong. You won that one. So as Judge Gant said, it's hard for us to understand what we can do for you. Sir, but again, I'm saying myself again, but the question is to find out if there's a claim and there's a dischargeability of that claim. First we have to go to the beginning. If that claim is valid. If it's not valid, that's my whole point. How we can start talking about some claim, if it's dischargeable or not, when that claim is not valid. It's illegally obtained. A judge in a family court did whatever he couldn't do. You have no jurisdiction to do that. I showed in my thing. Then I showed other things showing that it couldn't be done. So it means we have to go to the roots of the problem, which is the validity of the proof of claim. I showed so many things that the attorney doing that put totally incorrect cost sections for the dischargeability. She, in 10 times of the penalty of perjury, that attorney lied. So basically, do we need to go over the basics to find out if that proof of claim is correct or not? Then to decide if it's dischargeable or not. The amount and entirely, if it's a valid basic judgment. And I showed that it's not in several, several reasons. It's in front of you. That's my whole thing. You are trying to just go to the very ending, say, okay, you see, you are satisfied, it's not dischargeable, go home. You are fine. But it's not. The problem is lurking in the beginning when the other party on the penalty of perjury made a proof of claim which is not correct. Not cost section is correct. It's illegally obtained, not valid judgment. And there's objection to that. So on the penalty of perjury, people are saying lies. So whether we agree with you or not, I think we understand your point. Okay. I make a suggestion to the extent you're also arguing that Judge Thai was a problem with her administration of the case. I think you've also appealed a ruling adverse to you there too. Do you want to address that? I'm sorry. The recusal motion. Yeah, the recusal motion. The recusal motion is basically the thing that intentionally, because it's not that the party brought that wrong, the only recusal part is bringing the wrong cost section when even I objected to that. They are trying to use that just to go straightforward and say, okay, we will solve the problem. But to do that, you have to use correct cost section. It's not that other party did that and she approved that. It's her authorities did that. Let me just address that. There's a difference. Recusal is not for disagreeing with her application of the law. That's why you're in front of us because you say she got it wrong. But that's not a basis to choose another judge. The system doesn't work. It can't work that way. I understand that you disagree with her ruling, but that doesn't mean you get another judge. In this case, it's not only that. During all these mistakes, even though I did put only that part, but look, it says not going, when I'm showing lies on the penalty of perjury and the judge doesn't react to that, it's another reason to change that judge who doesn't want to show what's the basis of that. She should do all this stuff before that. I mean, if you go back, yes. For the last one, yes, it's just for that. But all these problems I'm showing, it comes from the same judge. It's the same judge who disregarded my counter claims, which is even more than that. It's the same judge who disregarded my homicide exemption claim. Zero. What they did, as I showed here very quickly, I told you that it's a big, big no for any judges and any trustees. I filed a homicide exemption. Nobody objected to my homicide exemption. Nobody. Neither trustee nor other party. What they did, they sold my property. Then after a couple of months, trustee said, oh, we consider that the meeting of creditors is done. So basically, they didn't even do the meeting of creditors to allow even objection. There was no objection. As you know, because you are bankruptcy judges, 100% you know, if property, someone claims homicide exemption, where I was living 22 years, there was not any reason to say it's not. So basically, if no objection is done for that homicide exemption, it's automatically, even if it's wrong, even if it's wrong, it goes back from the state of the bankruptcy to the person who claims that homicide exemption. You know that very well. But this court, is it a reason to get rid of this judge who is intentionally selling my property? Why? Because the trustee is the same trustee as my ex-wife was working for her two years. And the property in which she died was purchased from the same trustee when she was working as a real estate agent. So there is a long story going back between this trustee, my ex-wife, and this bankruptcy situation where I'm homeless. I came to my friend to ask for this room. That's why I didn't want to show this, because it's not my room even. So basically, so many things are done. I'm homeless now. And now we're going through, OK, you've got your dischargeability. Very good. You have zero money. I will not come after you. That's a situation you have to know. And I know that you don't care. It's just a paper. You say yes or no. But this is life. So I'm homeless now. If you have any questions, please. I have no questions. Judge Gann, did you have questions for me? No, I appreciate the presentation. Thank you. Thank you very much. The matter is under submission, and we'll get you a written decision as soon as we can. Thank you. Thank you.
judges: Lafferty, Spraker, Gan